■ Louis Hurney et al., Plaintiffs, v Allen D. Mattson et al., Doing Business as Mattson and Stone Gulf Station, Defendants, and Third-Party Plaintiffs-Appellants. Sentry Insurance (Hardware Mutual Casualty Company), Third-Party Defendant-Respondent.—In a negligence action to recover damages for personal injuries, etc., the third-party plaintiffs appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Nassau County, entered August 2, 1976, as, after a nonjury trial, failed to award reasonable expenses incurred by them in their defense of a counterclaim instituted by the third-party defendant. Judgment reversed insofar as appealed from, on the law, with costs, and action remanded to Trial Term for a hearing to determine the reasonable expenses incurred in the defense of the third-party defendant's counterclaim and for the entry of an appropriate amended judgment. The plaintiffs, Louis Hurney and Mary Hurney, commenced a negligence action against appellants. Shortly thereafter the appellants' insurance carrier, Sentry Insurance, disclaimed coverage and refused to defend the appellants as defendants in the main negligence action. The appellants thereupon commenced a third-party action against Sentry for (1) damages in the event that they were to be found liable to the plaintiffs and (2) the cost of defending the main negligence claim. Sentry, in turn, counterclaimed against the appellants for a declaration with respect to its obligation to afford coverage and defend the appellants. By stipulation the counterclaim was separately tried. The trial court found that coverage was owed to the appellants and directed the

insurer to defend them in the main action. The appellants now seek recovery of the reasonable value of attorney's fees and costs incurred in their defense of the insurer's counterclaim for declaratory relief. We find that the appellants are entitled to such relief. Their posture in the counterclaim, brought as a result of the insurer's breach of its obligation to defend, was that of defendants. (See *Johnson v General Mut. Ins. Co.*, 24 NY2d 42.) Margett, J. P., Rabin, Titone and Mollen, JJ., concur.