■ GENERAL ACCIDENT INSURANCE COMPANY OF AMERICA, Appellant, v HYATT LEGAL SERVICES, Respondent.—Judgment affirmed, with costs. Memorandum: The principal question presented in this declaratory judgment action is whether plaintiff insurance company had a duty to provide a defense to defendant in disciplinary proceedings in New York and Maryland. The litigation insurance policy provided that plaintiff shall "defend any proceeding or suit brought by any governmental regulatory agency seeking nonpecuniary relief." We agree with Special Term that plaintiff had such a duty.

In each disciplinary proceeding there was no prayer for pecuniary relief other than the cost of the proceeding. Each disciplinary grievance committee was a "governmental" and "regulatory" body because each group was associated with the judicial branch of government and was responsible for regulating the practice of law and disciplining attorneys *(see,* Judiciary Law § 90 [2]; 22 NYCRR 1022.19 *et seq.; Attorney Grievance Commn. v Pattison,* 292 Md 599, 441 A2d 328, 333). Construing the policy in favor of the defendant insured and in accordance with the understanding of the average person *(see, Ace Wire & Cable Co. v Aetna Cas. & Sur. Co.,* 60 NY2d 390, 398; *Hartol Prods. Corp. v Prudential Ins. Co.,* 290 NY 44, 49, *rearg denied* 290 NY 744; *Little v Blue Cross,* 72 AD2d 200, 203), the grievance bodies also are "agencies" because they act as the representative of the judiciary in carrying out their assigned duties in regulating the activities of the legal profession for the benefit of the public. Plaintiff's reference to isolated provisions of State statutes excluding courts from the

definition of an agency *(see, e.g.,* State Administrative Procedure Act § 102 [1]; Executive Law § 166; Public Officers Law § 73) is misplaced. Narrow and technical legal definitions are to be avoided in construction of insurance policies *(see, Miller v Continental Ins. Co.,* 40 NY2d 675, 676). Moreover, had plaintiff wished to exclude grievance proceedings from its duty to defend, it easily could have done so as it did in excluding proceedings relating to employee benefit plans and claims of discrimination.

We also agree with Special Term that defendant is entitled to reasonable attorney's fees because plaintiff's lawsuit compelled defendant to defend against plaintiff's attempt to free itself from its policy obligations *(see, Mighty Midgets v Centennial Ins. Co.,* 47 NY2d 12, 21-22; *Johnson v General Mut. Ins. Co.,* 24 NY2d 42, 48-50; *Hurney v Mattson,* 59 AD2d 934, 935; *cf., Doyle v Allstate Ins. Co.,* 1 NY2d 439). We have considered plaintiff's remaining claims and find them lacking in merit.

All concur except Callahan, J. P., and Doerr, J., who dissent and vote to reverse and grant judgment, in accordance with the following memorandum:

Callahan, J. P., and Doerr, J. (dissenting). We cannot agree with the majority that a Grievance Committee investigating claims of professional misconduct is a "governmental regulatory agency" within the meaning of the policy of professional liability insurance issued by plaintiff to defendant, thus obligating plaintiff to provide a defense to defendant in attorney disciplinary proceedings. In New York, only the Appellate Division of the Supreme Court has the power to regulate the conduct of attorneys admitted to practice within each judicial department (Judiciary Law § 90). Regulating attorneys is purely a function of the court, and the Grievance Committee, in assisting the court to perform this function, is operating as "an arm of the Appellate Division" *(Wiener v Weintraub,* 22 NY2d 330, 332). Clearly, because every attorney is an officer of the court, a review of an attorney's conduct by a Grievance Committee is merely an internal inquiry, subject to independent review and action by the Appellate Division. In no way do the activities of the Grievance Committee constitute a proceeding before an independent regulatory body. The attorney disciplinary procedures in Maryland are very similar to those in New York. The Grievance Committee has investigatory power only with disciplinary action being taken against an attorney by the courts of the State of Maryland. Neither the Grievance Committee in New York nor the Grievance Commission in Maryland has any rule-making powers, nor do

they have ultimate authority to enforce the rules governing attorney conduct. Only the courts have this power. Because the Grievance Committee and Grievance Commission are arms of the judiciary, they are not governmental regulatory agencies within the meaning of this policy.

Furthermore, we disagree with the majority's attempt to construe the word "agency" in some sort of generic fashion to mean whatever the average person would think it means. We are not dealing here with an unsophisticated insured; defendant is a large, multistate law firm, employing hundreds of lawyers. An attorney, construing the terms of this policy, should have known that the agreement to defend any proceeding "brought by any governmental regulatory agency seeking non-pecuniary relief" was inserted to cover situations involving an attorney called before governmental bodies, such as the Securities and Exchange Commission and the Federal Trade Commission, subject to nonmonetary sanctions. In our view, it defies logic and common sense for defendant attorneys to have assumed that they were purchasing insurance which would provide them with a defense to an investigation by a Grievance Committee concerning claims of improper or unprofessional conduct on their part. Accordingly, we would reverse and grant judgment declaring that the insurance contract entered into between plaintiff and defendant did not require that plaintiff defend defendant in the New York or Maryland disciplinary proceedings or reimburse defendant for any legal fees, costs or expenses associated with such proceedings. (Appeal from judgment of Supreme Court, Monroe County, Rosenbloom, J.—declaratory judgment.) Present—Callahan, J. P., Doerr, Green, Balio and Lawton, JJ.