(March 26, 2001)

■ AMERICAN REF-FUEL COMPANY OF HEMPSTEAD, Plaintiff, v RESOURCE RECYCLING, INC., et al., Defendants, MINNESOTA FIRE & CASUALTY COMPANY, Sued Herein as MINNESOTA MUTUAL INSURANCE COMPANY, Respondent, and UNIVERSAL WELDING & ENGINEERING, Defendant and Third-Party Plaintiff-Respondent. FIREMAN'S FUND INSURANCE COMPANY OF WISCONSIN et al., Third-Party Defendants-Appellants. [722 NYS2d 570] —In an action, *inter alia,* to recover damages for breach of a contract to procure insurance, in which a third-party action was commenced for a judgment declaring that the third-party defendants are obligated to defend and indemnify the third-party plaintiff in an action entitled *Riek v American Ref-Fuel Company of Hempstead,* pending in the Supreme Court, Nassau County, under Index No. 25026/94, the third-party defendants appeal from an order of the Supreme Court, Nassau County (McCaffrey, J.), dated September 16, 1999, which denied their motion for summary judgment and granted the cross motion of the defendant Minnesota Fire & Casualty Company, s/h/a Minnesota Mutual Insurance Company for

summary judgment declaring that the third-party defendants are obligated to defend and indemnify the third-party plaintiff in the underlying action.

Ordered that the order is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

An insured's failure to comply with its obligations under an insurance policy is generally a defense to an action on the policy (see, Rajchandra Corp. v Title Guar. Co., 163 AD2d 765, 768-769). However, "an insurer cannot insist upon cooperation or adherence to the terms of its policy after it has repudiated liability on the claim * * * by sending a letter denying liability" (Rajchandra Corp. v Title Guar. Co., supra, at 769). Thus, "[o]nce an insurer repudiates liability * * * the [in]sured is excused from any of its obligations under the policy" (Ocean-Clear, Inc. v Continental Cas. Co., 94 AD2d 717, 718).

Here, the appellants sent a letter notifying their insured, the defendant third-party plaintiff Universal Welding & Engineering (hereinafter Universal), that they would not defend it with respect to any causes of action which might be asserted against it arising out of injuries sustained by one of its employees. Since this letter served as a repudiation of the appellants' liability, Universal was excused from further compliance with its obligations under the policy. Consequently, the appellants cannot rely on Universal's subsequent noncompliance as a defense to the third-party action in this case in which Universal seeks a declaration that the appellants are obligated to defend and indemnify it in the personal injury action commenced by the injured employee in which Universal was impleaded. Accordingly, the Supreme Court properly denied the appellants' motion and granted the cross motion for summary judgment declaring that the appellants are obligated to defend and indemnify Universal in the underlying personal injury action. Altman, J. P., McGinity, Luciano and H. Miller, JJ., concur.