OPINION OF THE COURT
Carol R. Edmead, J.
In this insurance declaratory judgment action, plaintiff Estee Lauder Inc. (Lauder) moves against defendants OneBeacon Insurance Group, LLC, OneBeacon Insurance Company and One-Beacon America Insurance Company (collectively, OneBeacon) for partial summary judgment, pursuant to CPLR 3212 (e) and 3001, on an issue of first impression, for a declaration that it is entitled to attorneys’ fees it incurred in litigating and successfully defending against OneBeacon’s “late notice” claim, raised for the first time as an affirmative defense in litigation.
Factual Background[1]
In its first amended complaint, Lauder seeks defense and indemnification from OneBeacon under a policy issued by Employers Liability Assurance Corporation in connection with environmental pollution claims arising from the Blydenburgh Landfill and the Huntington Landfill, both in New York (collectively, the environmental claims). One of the claims, entitled New York v Hickey’s Carting, Inc. (case No. CV 01-3136 [ED NY] [Hickey’s Carting]), involves the Blydenburgh Landfill, in which Lauder was named as a third-party defendant.[2]
In its answer to the first amended complaint, OneBeacon asserted, in its fourth affirmative defense, that Lauder “fail[ed] to perform or comply with . . . the notice and cooperation requirements.” When Lauder moved for summary judgment in its favor, *381 OneBeacon argued, inter alia, that Lauder failed to provide timely notice, and likewise moved for summary judgment, arguing that it had no duty to defend or indemnify Lauder with respect to any of the environmental claims because of Lauder’s late notice.
On December 12, 2006, this court denied Lauder’s motion and granted OneBeacon’s motion for summary judgment on the late notice issue. However, the Appellate Division, First Department, reversed, finding that OneBeacon waived its late notice defense by disclaiming on lost policy grounds, and not disclaiming at that time on the late notice defense.
Based on the First Department’s February 19, 2009 decision (Estee Lauder Inc. v OneBeacon Ins. Group, LLC, 62 AD3d 33 [2009]), the following indisputable facts and findings are law of the case.
On July 24, 2002, OneBeacon rejected Lauder’s claim for defense and indemnity regarding claims against Lauder relating to the Huntington and Blydenburgh Landfills, and terminated its investigation of this matter and closed its file, because it could not locate any further evidence of the subject policy, though its policy number was identified by Lauder. On November 1, 2002, OneBeacon denied Lauder a defense of the Hickey’s Carting claim for the same reason. Up to this point, OneBeacon never asserted that Lauder failed to give timely notice of a claim or occurrence, or disclaimed coverage on such ground. It was uncontested that before its July 2002 and November 2002 letters, OneBeacon had sufficient knowledge of the circumstances relating to its defense of untimely notice. In light of the duty imposed by law to disclaim coverage in a specific manner, it was inconsequential that Lauder lacked knowledge of the policy’s actual terms imposing such duty. Thus, Lauder established that “it is entitled to a defense in the underlying actions that are the subject of its third and fourth causes of action” (Estee Lauder, 62 AD3d at 40).
In support of the instant motion for attorneys’ fees, Lauder argues that New York recognizes an exception to the American Rule,[3] permitting insureds to recover attorneys’ fees where the insured has been cast in a defensive posture by the legal steps an insurer takes in an effort to free itself from its policy obliga *382 tions. The seminal decision, Mighty Midgets v Centennial Ins. Co. (47 NY2d 12, 21 [1979]), announcing such exception made clear that an insurer’s initiation of a declaratory judgment action against its insured was only an “example” of a “defensive posture” scenario. The Mighty Midgets Court left open the possibility for an insured to recover its attorneys’ fees in a coverage action initiated by the insured if, as herein, the insurer forces the insured into a defensive posture. Thus, it is not necessary that the insurer is the one to initiate the lawsuit in order for an insured to recover attorneys’ fees.
Upon disclaiming coverage, the burden shifts to the insured to either file a coverage action or to accept the insurer’s basis for the disclaimer and forgo the costs of litigation. However, here, OneBeacon breached its duty to set forth all known defenses, thereby casting Lauder into the defensive posture of deciding whether or not to initiate a coverage action without the requisite information to make that determination. As a matter of law, as a result of OneBeacon’s breach, the burden never shifted to Lauder and, as such, Lauder remained in a defensive posture even after filing the instant action. It is undisputed that the earliest possible time that OneBeacon asserted a late notice defense was in its answer herein. Lauder was forced into a defensive posture when OneBeacon improperly raised its late notice defense for the very first time in this coverage action.
Additionally, OneBeacon’s late notice defense cannot be characterized as the type of “mirror image” defense that New York courts have determined does not place the insured in a defensive posture. OneBeacon’s defense did not and could not “mirror” Lauder’s affirmative claims in this action because OneBeacon breached its duty to disclaim coverage on that ground, making it impossible for Lauder to have anticipated at the time that it filed the instant action that it would be forced to defeat a late notice defense as an obstacle to obtaining coverage.
OneBeacon asserting an unreserved late notice defense is the substantive equivalent of OneBeacon initiating a lawsuit against Lauder seeking a declaratory judgment that Lauder’s coverage claim was barred for its failure to provide timely notice of its claim. However, OneBeacon was unable to initiate such a declaratory judgment action on those grounds because it failed to reserve a late notice defense in its disclaimer letter; rather OneBeacon attempted to sneak in that defense and the First Department dismissed it from this action. Nevertheless, Lauder *383 was forced to incur substantial fees defeating this defense, which Lauder is entitled to recover from OneBeacon.
In opposition, defendants argue that Mighty Midgets, the controlling case, stands for the long-standing American Rule that a litigant may not recover damages for the amounts expended in the successful prosecution or defense of its rights. The defendant insurer in Mighty Midgets raised, and was unsuccessful in establishing, the affirmative defense of late notice. When plaintiff insured sought its attorneys’ fees in litigating its declaratory action and defending against the late notice defense, the Court of Appeals refused to assess attorneys’ fees.
New York courts only permit such fees where authorized by statute, agreement or court rule. Further, under New York law, an insurer can only cast the insured in a defensive posture by naming the insured as a defendant in an action. Because Lauder is the plaintiff who initiated this suit against OneBeacon, it cannot recover its attorneys’ fees as it has not been cast in a defensive posture. There is no exception that permits plaintiff Lauder to recover its attorneys’ fees against OneBeacon for litigating the late notice defense. Lauder does not cite any case to support its claim that an insurer defendant must pay the insured’s attorneys’ fees in a declaratory judgment action simply because the insurer did not disclaim coverage on a particular defense. OneBeacon points out that this action is distinguishable from the cases cited by Lauder, where the insured and insurer each had commenced a declaratory judgment action and the two cases were consolidated, or where after all of the coverage issues were resolved in a declaratory judgment action an insurer raised an additional reason for denying coverage after the court issued its judgment. And, OneBeacon has not interposed a counterclaim, but rather, asserted affirmative defenses, including late notice, in opposition to Lauder’s initial motion and in its own summary judgment motion.
Otherwise, every time an insured files a declaratory judgment action against an insurer and that insurer raises a defense to coverage, the insured is cast in a defensive posture by having to address that defense. Case law does not reflect that any time an insured wins insurance coverage in a disputed matter, either as plaintiff or defendant, the insured may recover its attorneys’ fees for litigating that declaratory judgment action. Nor may Lauder claim that a finding by a court that a defense asserted by a defendant insurer has been waived changes this analysis. Lauder remains the plaintiff and OneBeacon remains the de *384 fendant, and thus, Lauder is not entitled to an award of its attorneys’ fees.
As with the insurer in Mighty Midgets, OneBeacon had a right to seek a ruling on that issue without being assessed attorneys’ fees. Although OneBeacon bears the burden of proving this affirmative defense, it does not follow that OneBeacon is required to pay Lauder’s attorneys’ fees if OneBeacon is unsuccessful. Lauder’s argument that it was “cast in a defensive posture” expands the limited exception set forth in Mighty Midgets, and is tantamount to creating a blanket exception allowing recovery of attorneys’ fees by a plaintiff where an insurer unsuccessfully moves for summary judgment on a coverage issue that it did not raise as a ground in its initial letter disclaiming coverage. Such a blanket exception would have the very same chilling effect on a litigating party that the Mighty Midgets court discussed.
Further, Lauder improperly seeks to restrict OneBeacon’s right to defend itself in this action. One of the threshold issues typically addressed in an insurance declaratory judgment action is whether an insured complied with the notice conditions in the policy, an issue Lauder raised by asserting compliance with all policy conditions. OneBeacon appropriately denied these allegations and raised the late notice affirmative defense in response to Lauder’s motion.
Even though Lauder’s motion was limited to the Hickey’s Carting lawsuit, to avoid piecemeal litigation, OneBeacon chose to deal with the late notice issue as to each of the environmental claims. OneBeacon had the right to move for summary relief on its late notice affirmative defense without the threat of attorneys’ fees being imposed if it did not prevail.
In reply, Lauder argues that, while an insured’s defeat of an insurer’s “mirror image” counterclaim disputing coverage does not entitle the insured to attorneys’ fees where the counterclaim recasts the insured’s main claim that coverage existed, this action does not present the classic “mirror image” situation. Insurers regularly disclaim coverage premised on policy and legal defenses, resulting in the insured initiating a coverage action challenging the validity of those defenses. If a typical coverage dispute ensues in connection with those defenses, i.e., assertion of a pollution exclusion and the insured argues that such exclusion does not bar coverage, once the insurer asserts defenses or a counterclaim based upon the pollution exclusion, a classic mirror image situation exists for which attorneys’ fees are *385 not available. However, upon filing the instant coverage action, Lauder faced an unreserved defense, which, if it had been proper and established at bar, would have denied Lauder coverage.
Nor did OneBeacon’s answer assert the defense outright, but rather passively stated that OneBeacon is not liable to Lauder “to the extent that” Lauder failed to comply with the notice requirements of the policy. Further, any notion of a “mirror image” pleading is dispelled by a reading of the parties’ motion papers; not once did Lauder mention “late notice” in its moving papers. The late notice affirmative defense, on which OneBeacon has the burden of proof, was not initiated until OneBeacon asserted its motion.
Lauder does not claim that it is the defendant in the instant coverage action. Rather, Lauder satisfies the second prong of the Mighty Midgets exception, that it is cast into a defensive posture. Had OneBeacon raised a late notice defense in its disclaimer letter, Lauder may not have filed this action, or would have filed this action knowing that it would be obligated to pay the cost of litigating a late notice defense.
No New York case since Mighty Midgets has examined the situation presented here in which an insurer failed to raise a policy defense that it was obligated at law to raise in its disclaimer letter and waited until after its insured filed a coverage lawsuit to raise the defense in a dispositive motion for summary judgment.
OneBeacon’s late notice defense is the substantive equivalent of a permissive counterclaim which cast Lauder in a defensive posture against an assertion with a factual nucleus distinct from any of OneBeacon’s coverage defenses. Lauder could not have anticipated the assertion because it was waived as a matter of law.
OneBeacon could have remained in the role of a defendant by simply defending against Lauder’s challenges to its coverage defenses. But OneBeacon chose to try and establish new law by arguing that an insurer can conceal known policy defenses and unveil them for the first time in an action that the policyholder brought.
Further, the Mighty Midgets court was not faced with the situation in which the insurer hid its late notice defense from its insured, required its insured to file a coverage action, and then raised its dispositive defense for the first time in the coverage action.
*386 Discussion
CPLR 3212 (e) provides, in relevant part, that “summary judgment may be granted as to one or more causes of action, or part thereof, in favor of any one or more parties, to the extent warranted, on such terms as may be just.” CPLR 3001 permits the court to “render a declaratory judgment having the effect of a final judgment as to the rights and other legal relations of the parties to a justiciable controversy whether or not further relief is or could be claimed.”
As the movant, Lauder must make a prima facie showing of entitlement to judgment as a matter of law, by advancing sufficient “evidentiary proof in admissible form” to demonstrate the absence of any material issues of fact (Zuckerman v City of New York, 49 NY2d 557, 562 [1980]; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]; Silverman v Perlbinder, 307 AD2d 230 [1st Dept 2003]). Alternatively, to defeat a motion for summary judgment, the opposing party must show facts sufficient to require a trial of any material issue of fact (CPLR 3212 [b]).
The issue herein is whether Lauder was cast in a defensive posture, notwithstanding the fact that Lauder affirmatively commenced this declaratory judgment action.
In New York State (and the rest of the country), “the longstanding ‘American rule’ precludes the prevailing party from recouping legal fees from the losing party ‘except where authorized by statute, agreement or court rule’ ” (Gotham Partners, L.P. v High Riv. Ltd. Partnership, 76 AD3d 203, 204 [1st Dept 2010], quoting U.S. Underwriters Ins. Co. v City Club Hotel, LLC, 3 NY3d 592, 597 [2004]).
An exception to this rule was created in Mighty Midgets. In that case, Mighty Midgets, Inc. commenced a declaratory judgment action against its insurer Centennial Insurance Company seeking an order declaring that Centennial was obligated to defend it in an underlying negligence action and awarding attorneys’ fees it incurred in the prosecution of such declaratory judgment action. After a bench trial, the Court declared that Centennial was obligated to defend Mighty Midgets in the negligence action and pay Mighty Midgets the attorneys’ fees necessarily incurred in the prosecution of the declaratory judgment action. On appeal, the Second Department modified that decision, and held that Mighty Midgets was not entitled to recover the attorneys’ fees. Thereafter, the Court of Appeals held that Centennial was not liable for the attorneys’ fees “necessar *387 ily incurred in the policyholder’s successful prosecution of the action it brought to compel the insurer to comply with its policy obligations.” (47 NY2d at 16.) The Court of Appeals reiterated the New York rule that “such a recovery may not be had in an affirmative action brought by an assured to settle its rights, but only when he has been cast in a defensive posture by the legal steps an insurer takes in an effort to free itself from its policy obligations” and held that there “is nothing in the nature of this suit for declaratory judgment that should cause us to add to the exceptions to this now ingrained policy.” (47 NY2d at 21-22 [citations omitted; emphasis added].) Continuing, the Court reasoned:
“unlike the circumstances presented when an insurer compels its assured to defend against its attempts to obtain a declaration of its right to disclaim, here it is the insured itself that has taken the offensive. Furthermore, it is not inherently unfair to disallow recovery for litigation fees to a prevailing party when these would not be assessed against an unsuccessful one.” (Id. at 22 [emphasis added].)
It is undisputed that an insured is placed in a defensive posture when an insurer commences a declaratory judgment action against its insured to relieve the insurer from defense obligations under a policy, and if such insured prevails, it may recover attorneys’ fees necessarily incurred as a result of its defense of such an action (Mighty Midgets; see U.S. Underwriters Ins. Co. v City Club Hotel, LLC, 3 NY3d 592, 598 [2004] [holding that “an insured who prevails in an action brought by an insurance company seeking a declaratory judgment that it has no duty to defend or indemnify the insured may recover attorneys’ fees regardless of whether the insurer provided a defense to the insured”]; Integon Natl. Ins. Co. v New York Cent. Mut. Fire Ins. Co., 21 Misc 3d 1121[A], 2008 NY Slip Op 52122[U], *2 [Sup Ct, Oneida County 2008] [granting attorneys’ fees in a declaratory action to counsel whose clients were “placed in a defensive posture by being named defendants in a declaratory judgment action taken by Integon National Insurance Company to settle its rights in relation to them”]).
Case law supports the general rule, however, that when the insured commences instead its own declaratory judgment action to settle rights to a defense under a policy, attorneys’ fees incurred by the insured (plaintiff) in the prosecution of such a claim are not recoverable under the Mighty Midgets exception *388 (Chase Manhattan Bank v Each Individual Underwriter Bound to Lloyd’s Policy No. 790/004A89005, 258 AD2d 1, 4 [1st Dept 1999] [“where an insurer improperly disclaims coverage, it is liable for the attorneys’ fees incurred by the insured in defending a suit by the insurer to establish the insurer’s nonliability for the underlying claim as well as in the liability action, but not for the fees expended in suing the insurer to establish coverage” (emphasis added)]; see West 56th St. Assoc. v Greater N.Y. Mut. Ins. Co., 250 AD2d 109, 114 [1st Dept 1998] [denying attorneys’ fees, as it “was plaintiffs, the insureds, that cast Greater New York, the insurer, in a defensive posture by commencing this declaratory judgment action”]).
“The rationale for this distinction is that when an insurer casts an insured in a defensive posture the liability feature of the insurance is triggered and provides coverage for defense expenses incidental to the assertion of claims against the insured. As the Court noted in Mighty Midgets, ‘[A]n insurer’s responsibility to defend reaches the defense of any actions arising out of the occurrence.’ Thus, pursuant to the policy, defense expenses are recoverable by the insured, even if incurred in defending against an insurer seeking to avoid coverage for a particular claim. Recovery of attorneys’ fees in such a case is not an exception to the American rule; it is incidental to the insurer’s duty to defend, and the right to such recovery arises from that contractual duty.” (Chase Manhattan Bank, 258 AD2d at 5 [citation omitted]; see also U.S. Underwriters Ins. Co. v City Club Hotel, LLC, 3 NY3d 592, 597-598 [2004] [the rationale behind the exception is that an insurer’s duty to defend its insured extends to the defense of any action arising out of the occurrence, including a defense against that insurer’s declaratory judgment action].)
There have been instances where an insured, who took the affirmative step of commencing a declaratory judgment action to settle its rights under a policy, was able to recover attorneys’ fees (see City of New York v Zurich-American Ins. Group, 5 Misc 3d 1008[A], 2004 NY Slip Op 51273[U] [Sup Ct, Kings County 2004], affd 27 AD3d 609 [2d Dept 2006]). In City of New York v Zurich-American Ins. Group, the insured, City of New York, was sued for negligence and upon failing to receive any response to its tender for defense and indemnification, commenced an ac *389 tion against Zurich-American Insurance Group for additional insured coverage. Upon a motion, the court granted summary declaratory relief in the insured’s/City of New York’s favor for defense and indemnification. However, the City’s answer in the underlying negligence action was later stricken for failing to comply with discovery, precipitating the insurer to now disclaim coverage “due to the City’s prejudicial actions” (2004 NY Slip Op 51273[U] at *2). Thus, the insurer moved to amend its answer in the aforementioned declaratory judgment action to assert as an eighth affirmative defense the City’s breach of the implied covenant of good faith in the policy. The City of New York, in turn, cross-moved for attorneys’ fees associated with defending the motion. Citing the Mighty Midgets exception, the court granted the City (plaintiff) attorneys’ fees stating, in pertinent part:
“Here, Zurich has brought this motion after the City’s declaratory judgment action was already resolved and concluded by summary judgment in the City’s favor. By doing so, Zurich has placed the City in a defensive posture by affirmatively requiring the City to relitigate anew the declaration of coverage issue based upon a new theory. Zurich has thus compelled its insured to defend against its attempt to obtain a declaration of its right to disclaim coverage, and Zurich’s motion is, therefore, tantamount to an action brought by the insurer seeking to free itself from its policy obligations.” (Id. at *5 [emphasis added; citation omitted].)
The court pointed out the insurer’s concession that it could have commenced “a new declaratory judgment action based on the facts concerning the City’s willful refusal to respond to discovery” and noted that the insurer’s motion was also procedurally defective because it sought to vacate a “ final judgment ... by way of a motion to amend rather than properly moving for renewal.” (Id. [emphasis added].) On appeal by the insurer, the Second Department affirmed, stating that the insurer’s “motions [to amend and for summary judgment], filed after the court had already awarded summary judgment in favor of the City, put the City in a defensive posture.” (27 AD3d 609, 611 [2006].)
In American Motorists Ins. Co. v GTE Corp. (2000 WL 1459813, 2000 US Dist LEXIS 14241 [SD NY 2000]), the insurer commenced a declaratory judgment action against its insured to be relieved from reimbursing the insured’s portion of a settle *390 ment of an underlying negligence action, on the grounds that certain conditions to coverage were breached and that coverage did not extend to the portion of the settlement based on liability for punitive damages. (The insurer had provided the defense for its insured in the underlying negligence suit.) The insured then commenced a separate action for a declaration of coverage under the same policy, and both declaratory judgment actions were consolidated. Thereafter, the insured moved to dismiss the insurer’s complaint, which was granted, but the court permitted the insurer to amend its claim to deny coverage relating to the punitive damages issue. In granting the insured attorneys’ fees, the court rejected the insurer’s argument that it should not be liable for such fees as one of the two consolidated cases was filed by the insured. According to the court, “the two cases are mirror images of each other, and, indeed, [the insured’s] case was in direct response to American Motorists attempt to avoid payment under the Policy” (2000 WL 1459813 at *6, 2000 US Dist LEXIS 14241 at *19).
Thus, as Lauder points out, it is not necessary that the insurer is actually the one to initiate the lawsuit in order for an insured to recover attorneys’ fees. However, Lauder’s reliance on City of New York v Zurich-American Ins. Group and American Motorists Ins. Co. v GTE Corp. to support its claim that its status as a plaintiff does not preclude it from recovering attorneys’ fees herein is misplaced. It cannot be said that OneBeacon has taken affirmative action that is tantamount to a lawsuit. In City of New York v Zurich-American Ins. Group, a determination of coverage was made in favor of the insured, after which the insurer revived the issue of coverage by affirmatively placing before the court anew the issue of coverage. In American Motorists Ins. Co. v GTE Corp., the insured, a plaintiff in its own action against the insurer, was also a defendant in the branch of the consolidated action by the insurer.
Here, OneBeacon’s motion to dismiss the first amended complaint on the ground that Lauder failed to provide timely notice of the claim (a ground alleged as an affirmative defense in OneBeacon’s amended answer to first amended complaint) was not tantamount to an affirmative action, i.e., counterclaim, but essentially a defense against an element of Lauder’s prima facie case, to wit: that Lauder satisfied a condition precedent to coverage. And, there was no previous judicial determination made in Lauder’s favor on its affirmative claim for coverage. Plaintiff was never placed in the position of that of a defendant, *391 who was forced to debate facts different from those necessary for Lauder to make out its own prima facie case for coverage. Under the circumstances, OneBeacon’s late notice defense to support its declaratory judgment prayer for relief was a “mirror image” of Lauder’s declaratory judgment action, even though such defense was not previously asserted in OneBeacon’s declination letters. And, Lauder’s contention that it could not have anticipated the late notice defense because it was waived as a matter of law is unpersuasive since the determination that such defense was waived as a matter of law was not made until the matter was on appeal. Prior to that, the defense was an active element in the litigation. Further, the defense was simply a “mirror image” of the claim asserted by Lauder that it complied with all conditions to coverage.
Contrary to Lauder’s contention, the rationale underlying the Mighty Midgets exception does not extend to its instant action or opposition to OneBeacon’s late notice defense argument raised in OneBeacon’s motion because as the plaintiff (whose rights had not yet been determined), Lauder bore the initial burden to make out its prima facie case for coverage by alleging and demonstrating its compliance with all conditions precedent to coverage. An insured must prove entitlement to the coverage sought (Continental Cas. Co. v Employers Ins. Co. of Wausau, 60 AD3d 128, 135 [1st Dept 2008]). The notice requirement in an insurance policy “operates as a condition precedent to coverage, and to the insurer’s obligation to defend and indemnify” (Cass v American Guar. & Liab. Ins. Co., 13 Misc 3d 1238[A], 2006 NY Slip Op 52169[U], *4 [Sup Ct, NY County 2006], citing White v City of New York, 81 NY2d 955 [1993]).
Indeed, this point is buttressed by Lauder’s own amended complaint, which alleges that it “fulfilled all obligations on its part” (ITU 61, 67), and “timely notified OneBeacon that it had been named as a third-party defendant” (It 48).
The court notes that the first amended complaint, as it pertains to the Hickey’s Carting case, expressly states that Lauder gave timely notice. Notwithstanding the fact that Lauder’s first amended complaint never expressly used the words “timely notice” in discussing the Blydenburgh Landfill and Huntington Landfill claims, Lauder maintained that it complied with policy conditions to coverage. Consequently, while it is accepted that the proponent of an affirmative defense bears the burden of proof in establishing such defense, OneBeacon’s affirmative defense that Lauder did not comply with conditions to *392 coverage and prayer for relief that it was entitled to a judgment declaring that it was not obligated to defend or indemnify Lauder were essentially redundant (see West 56th St. Assoc. v Greater N.Y. Mut. Ins. Co., 250 AD2d 109, 114 [1st Dept 1998] [rejecting plaintiff insured’s argument that its defeat of defendant insurer’s counterclaim entitles it to coverage; defendant insurer’s “interposition of a counterclaim, which, as pleaded, is no more than a prayer for a declaration in its favor, does not cast plaintiffs in a defensive posture entitling them to recover their attorneys’ fees and costs. Since the rights of the parties in a declaratory action must be affirmatively declared one way or the other, the assertion of a counterclaim such as was interposed here is redundant and mere surplusage” (citation omitted)]).
Further, Lauder’s reliance on Hurney v Mattson (59 AD2d 934 [2d Dept 1977]) is likewise misplaced. In Hurney, the insureds were named defendants in a negligence action, and commenced a third-party action against Sentry Insurance for defense and indemnification. Unlike the case herein, the insurer Sentry “counterclaimed against the [insureds] for a declaration with respect to its obligation to afford coverage and defend” the insureds (id. at 934 [emphasis added]). By stipulation the counterclaim was separately tried, and the trial court found that the insureds were entitled to coverage and defense. The insureds (plaintiffs) were granted attorneys’ fees incurred in their defense of the insurer’s counterclaim for declaratory relief, as“[tjheir posture in the counterclaim, brought as a result of the insurer’s breach of its obligation to defend, was that of defendants” (id. at 935 [emphasis added]).
Lauder’s claim that it had no way of knowing prior to filing this action and receiving OneBeacon’s pleadings that it would be defending against a late notice coverage defense is unpersuasive and inconsequential.
While Lauder was compelled to oppose OneBeacon’s summary judgment motion, such opposition did not place Lauder in the type of defensive position contemplated by the case law.
The court is mindful of the “strong policy reasons against adopting a rule of law that would reduce the incentives for insurance companies to defend in the underlying tort actions and that would likely shift the burden of obtaining a declaratory judgment from the insurance company to the insured” (Nationwide Mut. Ins. Co. v Welch, 988 F Supp 629, 630 [SD NY 1997]). Insurers could simply deny defense as a matter of course, and wait for impending actions by their insureds, without risk of *393 incurring any liability for the insureds’ defense costs in resulting litigation (Folksamerica Reins. Co. v Republic Ins. Co., 2004 WL 2423539, *2, 2004 US Dist LEXIS 21703, *6-7 [SD NY 2004] [the Mighty Midgets doctrine seems to provide “a perverse incentive” for the insurer “ ‘to refuse to defend in the underlying suit, thereby leaving it up to the insured to bring a declaratory action seeking coverage’ ”]). There is the potential that insurers might shrink from their defense obligations under their policies and,categorically deny their insureds’ tenders of defense in an effort to reduce their financial exposure, without risk of incurring any additional liabilities or expenses associated with issuing and maintaining policies. However, until the legislature determines otherwise, this court is constrained to interpret the law as it currently stands.
As Lauder failed to establish its entitlement to judgment as a matter of law on its attorneys’ fees claim, partial summary judgment pursuant to CPLR 3212 (e) and 3001 is denied.
Conclusion
Based on the foregoing, it is hereby ordered that the motion by plaintiff Estee Lauder Inc. against defendants OneBeacon Insurance Group, LLC, OneBeacon Insurance Company and OneBeacon America Insurance Company for partial summary judgment, pursuant to CPLR 3212 (e) and 3001 for a declaration that it is entitled to attorneys’ fees it incurred in litigating and defending against OneBeacon’s “late notice” claim, is denied.

. The factual background is taken from defendants’ opposition papers.

. At the time of its initial complaint in this action, Lauder had already settled its liability with respect to the Huntington Landfill, but the environmental claims relating to the Blydenburgh Landfill, including the Hickey’s Carting lawsuit, were unresolved at that time.

. “The American Rule provides that ‘attorney’s fees are incidents of litigation and a prevailing party may not collect them from the loser unless an award is authorized by agreement between the parties, statute or court rule’ ” (Baker v Health Mgt. Sys., 98 NY2d 80, 88 [2002]).